# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR199 |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| ROGELIO L. VALENZUELA-LOPEZ, | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's motion to reconsider (Filing No. 220) the Court's order summarily denying his motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 motion") (Filing No. 217).

## MOTION TO RECONSIDER

On December 13, 2010, the Supreme Court denied certiorari in this case. (Filing No. 216.) Under 28 U.S.C. § 2255, a defendant has one year to file a § 2255 motion from "the date on which the judgment of conviction becomes final." Therefore, the one-year period in this case began to run on December 13, 2010, and ended on December 13, 2011. *Campbell-Fabela v. United States,* 339 F.3d 993, 993-94 (8th Cir. 2003). The Court stated in its previous order that because it "appears"[1] that the Defendant's § 2255 motion was placed into the prison mailing system on December 14, 2011, the motion was untimely. Therefore, the § 2255 motion was summarily denied.

---

[1] The motion was signed and dated December 14, 2011. The cover letter to the Clerk of the Court for the Northern District of Iowa in Cedar Rapids, Iowa, was dated December 14, 2011. No reason has been provided why the motion was sent to the Iowa court. The Iowa Court apparently received the motion on December 20, 2011. The Iowa court mailed the motion to this Court, and the motion was received in the District of Nebraska on December 23, 2011.

In his motion to reconsider, the Defendant, Rogelio Valenzuela-Lopez, argues that although he dated the motion December 14, 2011, he placed the motion in the prison mailing system on December 13, 2011. This assertion alone is unpersuasive. Valenzuela-Lopez claims he did so knowing that the motion would not be processed, postmarked, and mailed until the following day. The record, including the dates of December 14, 2011, does not support his contention that he placed the motion into the prison mailing system on December 13, 2011.

However, Valenzuela-Lopez has attached a letter from the United States Supreme Court stating that on February 22, 2011, the Supreme Court denied Valenzuela-Lopez's petition for rehearing filed with respect to the denial of his petition for a writ of certiorari. Under the circumstances, the Court will grant the motion to reconsider and perform an initial review of the merits of the § 2255 motion.

## § 2255 MOTION

### I. Factual Background

On August 4, 2009, Valenzuela-Lopez pleaded guilty to Counts V and VIII of the Indictment charging him with possessing with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine (Count V) and criminal forfeiture (Count VIII). The plea agreement, reached under Federal Rule of Criminal Procedure 11(c)(1)(B), included the following relevant provisions:

- the dismissal of Counts I and II;
- Valenzuela-Lopez should be held responsible for at least 35 but less than 50 grams of actual methamphetamine, resulting in base offense level 30;

- the parties had no agreement regarding the issue of role in the offense, and the issue would be resolved at sentencing;

- Valenzuela-Lopez's offense level should be increased by 2 levels under U.S.S.G. § 3C1.1 for obstruction of justice;

- Valenzuela-Lopez did not possess a firearm or other dangerous weapon in connection with the offense; and

- Valenzuela-Lopez agreed not to request a downward departure under U.S.S.. §§ 5H1.1-5H1.12 and/or 5K2.0 through 5K2.23, or a variance or deviation.

In completing the Petition to Enter a Guilty Plea under oath, Valenzuela-Lopez stated:

- he was satisfied with the representation of his attorney, Michael J. Lehan;

- he understood the Judge may impose the same punishment as if he had pleaded not guilty;

- the sentence was "solely a matter for the [J]udge to decide";

- the mandatory minimum and maximum term or imprisonment;

- prior criminal convictions may increase his sentence under the sentencing guidelines;

- no one made any promises to induce his plea of guilty; and

- no attorney, officer, or other government agent "promised, suggested or predicted" he would receive a lighter sentence for pleading guilty.

(Filing No. 176.)

At the change of plea hearing, while under oath Valenzuela-Lopez's answers to the Magistrate Judge's questions were essentially identical to his answers to the questions in the plea agreement. Additionally, Valenzuela-Lopez answered "[y]es" when Magistrate Judge Thomas Thalken asked him whether he understood that the sentence that would be imposed might be different from the sentence that Valenzuela-Lopez and his attorney believed might be imposed.

The Presentence Investigation Report ("PSR") was consistent with the plea agreement. The PSR stated that Valenzuela-Lopez was responsible for 881.58 kilograms of marijuana equivalent, placing him at base offense level 30. As contemplated in the plea agreement, a 2-level enhancement was imposed under § 3C1.1 for obstruction of justice.[2] After receiving credit for 3 levels of acceptance of responsibility, Valenzuela-Lopez was placed at a total offense level of 29. He was in Criminal History Category III, resulting in a sentencing guideline range of 108-135 months.

Lehan filed objections to the PSR. He argued that Valenzuela-Lopez played a minimal role in the offense and should have received a corresponding downward adjustment under U.S.S.G. § 3B1.2 and requested that the Court "fully apply" 18 U.S.C. § 3553(a) in determining a sentence. Finally, he objected to prior convictions in ¶¶ 48, 49, and 51 of the PSR, arguing that those convictions should not be counted and, alternatively, if they were counted the Court should depart downward based on overstatement of Valenzuela-Lopez's criminal history category. In its Tentative Findings, the Court denied

---

[2]Valenzuela-Lopez absconded after he was initially charged in state court in 2005. He was found near the U.S./Mexican border in 2009, and he admitted that he had pending drug charges in Nebraska. (PSR, ¶ 40.)

the objections relating to the prior convictions and stated that the objection to the lack of a role reduction would be heard at sentencing.[3] The objection was heard at sentencing and denied.

Valenzuela-Lopez was sentenced to 108 months and 5 years supervised release. He filed a direct appeal. The Eighth Circuit Court of Appeals concluded in a per curiam opinion that the Court considered all factors under § 3553(a) and did not abuse its discretion by imposing a sentence at the low end of the guideline range. The Supreme Court denied certiorari as well as Valenzuela-Lopez's request for a rehearing. The § 2255 motion followed.

## II.    DISCUSSION

Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Valenzuela-Lopez raises several claims of ineffective assistance of counsel, arguing that Lehan was ineffective in the following ways: indicating Valenzuela-Lopez would only receive a 5-year sentence if he pleaded guilty; failing to fully argue all objections at

---

[3]The Court did not recall the plea agreement provision stating that the parties had agreed that a role adjustment would not be made. Had the Court recalled this provision, the objection would have been denied in the Tentative Findings. The government never objected on this basis.

5

sentencing; failing to argue the issue of obstruction of justice at sentencing and on appeal; failing to object to the Court's tentative findings; and failing to inform him he would be deported if he pleaded guilty. Finally, Valenzuela-Lopez argued that the Court failed to ask the parties after the sentence was pronounced whether they had any objections to the sentence that had not been previously raised.

**A.     INEFFECTIVE ASSISTANCE OF COUNSEL**

In order to establish ineffective assistance of counsel, Valenzuela-Lopez must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

**1.     Length of Sentence**

The record shows that Valenzuela-Lopez was aware that there was no guarantee as to what his sentence would be, or whether it would be the sentence contemplated by Valenzuela-Lopez and his attorney. The plea documents and the transcript of the change of plea hearing clearly show that Valenzuela-Lopez knew, before he pleaded guilty, that he faced between 5 and 40 years imprisonment and otherwise had no guarantees.

### 2. Objections at Sentencing

Lehan fully argued the only issue that the Court decided to hear. The Court and parties are to abide by the Order on Sentencing Schedule, and the Court did so in this case. Through this process, the issues initially raised were reduced to the one issue heard at sentencing. Lehan was not ineffective for not raising additional issues at the sentencing hearing.

### 3. Obstruction of Justice

Valenzuela-Lopez argues that Lehan was ineffective for not disputing the upward adjustment for obstruction of justice. However, the plea agreement provided that Valenzuela-Lopez would receive an adjustment for obstruction of justice.

### 4. Objections to Tentative Findings

Objections to the Tentative Findings are not required and, in fact, are not routinely filed. Given the objections raised and the Tentative Findings, Lehan was not remiss for not filing objections to the Tentative Findings.

### 5. Deportation

On March 31, 2010, in deciding *Padilla v. Kentucky,* 130 S. Ct. 1473 (2010), the United States Supreme Court stated that an attorney was deficient for not advising his client that his plea to drug distribution subjected him to automatic deportation where the consequence of deportation was obvious from the record. *Id*. at 1482-83.

Valenzuela-Lopez, however, pleaded guilty on August 4, 2009, prior to the *Padilla* decision. Until *Padilla*, it could not be said that failing to advise a client that deportation would result from a guilty plea constituted ineffective assistance of counsel.

### B. ADDITIONAL OBJECTIONS

Valenzuela-Lopez cited to *United States v. Gapinski,* 561 F.3d 467 (6th Cir. 2009), for the proposition that the Court must inquire after sentence is pronounced whether any party objects to the sentence on any grounds not previously raised. The purpose of the inquiry is so that the objecting party preserves objections for appeal. *Id.* at 473-74.

This approach is not followed in the Eighth Circuit. In fact, the Eighth Circuit has specifically stated that a defendant need not object after sentence is pronounced to preserve an objection for appeal. *United States v. Wiley,* 509 F.3d 474, 476-77 (8th Cir. 2007).

### CONCLUSION

For the reasons discussed, Lehan did not provide ineffective assistance of counsel under *Strickland* and the Court was not remiss in not asking for objections, including those not previously raised, after sentence was pronounced. It plainly appears from the record that Valenzuela-Lopez is not entitled to relief with respect to the merits of his § 2255 motion.

IT IS ORDERED:

1. The Defendant's motion to reconsider (Filing No. 220) is granted;

2. The Court has completed an initial review of the merits of the Defendant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Filing No. 217);

3. Upon initial review, the Court summarily denies the Defendant's § 2255 motion, and therefore the motion (Filing No. 217) is summarily denied;

4. A separate Judgment will be issued denying the § 2255 motion; and

5. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 24th day of January, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge